COMMERCIAL CREDIT CORPORATION, Respondent, vs.
SCHNEIDER, Appellant.

*November 3—December 1, 1953.*

For the appellant there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

For the respondent there was a brief by *Crowns, Crowns & Crowns* of Wisconsin Rapids, and oral argument by *Byron C. Crowns.*

FAIRCHILD, J. The statutes involved in this appeal are the filing sections of ch. 122, Stats., the Uniform Conditional Sales Act, and the registration sections of ch. 85, Stats., regulating vehicles and traffic. The sole question to be determined is whether there is any ambiguity or doubtful significance which requires going beyond the terms of either act for its interpretation.

Appellant concedes that the respondent, Commercial Credit Corporation, filed its conditional sales contract in the proper filing district, and that it was properly on file the day the appellant purchased the automobile from the buyer. Appellant further concedes that "If ch. [sec.] 122.05 (1) were the only statute applicable to this case . . . the defendant could not be considered an innocent purchaser for value, and . . . that the plaintiff's rights in said vehicle had not been terminated by such sale."

However, appellant asks: "If it is the duty of a seller to file a conditional sales contract, why isn't it also, to perfect his lien, his duty to make or see that the proper indorsement is made on the certificate of title as sec. 85.01 (3) (a) demands?" That question is framed upon the assumption that the filing sections of ch. 122, Stats., and the registration sections of ch. 85, Stats., are to be construed together as though they were one act. But a reading of the sections shows clearly that each act applies to a different class of persons and are distinct and separate in purpose and scope.

Ch. 122, Stats., deals fully and wholly with the subject of conditional sales contracts and liens thereunder. When a lien holder under a conditional sales contract has properly and seasonably filed his contract, the provision in the contract reserving the property in him is valid as to all persons for the reason that by so filing the contract he has given constructive notice to the world of his rights in the property.

"Where a conditional sales contract is required by statute to be filed or recorded and it is filed or recorded in the proper time, place, and manner, the record operates as constructive notice of the contract, of its provisions, and of the true ownership of the property, . . . The constructive notice afforded by the record is the equivalent of actual notice. It is frequently said that the record operates as constructive notice to 'all the world!'" 47 Am. Jur., Sales, p. 119, sec. 911.

Ch. 85 of the statutes mentions liens only incidentally, in prescribing the duties of an owner of a motor vehicle in order to register his vehicle with the motor vehicle department if he wishes to operate it on the highway. A reading of the registration portions of ch. 85, Stats., can lead only to the conclusion that they were enacted for two purposes: (1) To raise revenue by the payment of a fee; (2) to aid law enforcement by furnishing means of identification of car and owner in case of loss, theft, or other violations of the law. The certificate of registration and the certificate of title are made up by the motor vehicle department from information supplied by the *applicant for registration,* and the statute specifically provides for a penalty upon the *applicant* if he gives false information. There is no language whatever in ch. 85, Stats., placing a duty upon a lien holder under a conditional sales contract to apply for a registration certificate or a certificate of title or to furnish any information therefor. Further, it is obvious that since the certificate of title is renewed only once a year, any notation or lack of notation upon it with respect to the existence of a lien cannot be relied upon as an accurate record for the protection of the public; for at any time between renewals a lien might be satisfied or a new lien might be placed against an automobile as security for other transactions, and in either case the circumstance would not be recorded on the certificate of title until a subsequent renewal.

For decisions of other jurisdictions bearing on the relation of motor vehicle registration acts to recording acts for the purpose of establishing public record of title in chattels, see *Carolina Discount Corp. v. Landis Motor Co.* 190 N. C. 157, 129 S. E. 414, 416; *King-Godfrey, Inc., v. Rogers,* 157 Okla. 216, 11 Pac. (2d) 935; *Nelson v. Viergiver,* 230 Mich. 38, 203 N. W. 164, 165.

Since the two statutes are inconsistent, they cannot be *in pari materia.* In a discussion in 2 Sutherland, Statutory Con-

struction (2d ed.), p. 885, sec. 450, attention is called to the opinion in *Hamilton v. Rathbone,* 175 U. S. 414, 20 Sup. Ct. 155, 44 L. Ed. 219, where it is held that the general rule is perfectly well settled that where a statute is of doubtful meaning and susceptible upon its face of two constructions, the court may look into prior and contemporaneous acts for reasons which induced the act in question. But the opinion further holds that (p. 419), "where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it." Indeed, the cases are so numerous in this court to the effect that the province of construction lies wholly within the domain of ambiguity that an extended review of them is quite unnecessary. The whole doctrine applicable to the subject may be summed up in the single observation that prior acts may be resorted to to *solve* but not to *create,* an ambiguity." An absurd result may in itself create an ambiguity necessitating construction (see *State v. Surma,* 263 Wis. 388, 57 N. W. (2d) 370; *Connell v. Luck,* 264 Wis. 282, 58 N. W. (2d) 633; *Green Bay Drop Forge Co. v. Industrial Comm.,* ante, p. 38, 60 N. W. (2d) 409), but we have no problem of that kind here.

In the instant case, each act is clear upon its face; there is no ambiguity, and no absurd result flows from a literal interpretation of the acts. Therefore they are not subject to rules of statutory construction.

It follows that where the owner of a conditional sales contract has recorded his lien under and pursuant to ch. 122, Stats., there can be no innocent purchaser whose rights supersede the contract, and that in the case at bar the automobile covered by the contract is subject to the lien of respondent.

*By the Court.*—Judgment affirmed.