In The Matter of ROSENBERG IRON & METAL CO., Inc., Bankrupt.

DEMPSTER BROTHERS, INC., Petitioner-Appellant,

v.

Milton M. COHN, Trustee in Bankruptcy, Respondent-Appellee.

No. 14715.

United States Court of Appeals Seventh Circuit.

Feb. 5, 1965.

As Amended on Denial of Rehearing April 30, 1965.

John H. Wessel, Bernstein, Wessel, Weitzen & Lewis, Milwaukee, Wis., for appellant.

Irvin B. Charne, Donald S. Taitelman, Charne & Tehan, Milwaukee, Wis., for appellee.

Before CASTLE, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal presents a question of interpretation of section 70, sub. c of the Bankruptcy Act, 11 U.S.C. § 110, sub. c.[1] Rosenberg Iron & Metal Co., Inc., a Wisconsin corporation located in Milwaukee, is the bankrupt; Milton M. Cohn is the trustee; and Dempster Brothers, Inc. is a creditor who filed a reclamation petition for property sold under a conditional sales contract. A statement of facts, with emphasis on relevant dates, follows.

*May 20, 1958.* Dempster Brothers sold Rosenberg a baling press for $94,018.75. The sum of $23,504.95 of the purchase price was paid on delivery; the balance of $70,513.80 was secured by a conditional sales contract. *June 19, 1958.* The sales contract was filed with the Register of Deeds of Milwaukee. *June 27, 1961.* Rosenberg made an assignment for benefit of its creditors under applicable provisions of Wisconsin law. *June 28, 1961.* The circuit court of Milwaukee County issued an order against Rosenberg's creditors enjoining them from further proceedings against the company. *October 18, 1961.* An involuntary petition in bankruptcy was filed against Rosenberg. *November 3, 1961.* The company was adjudicated a bankrupt and Cohn appointed trustee. During the ten-day period, *June 18, 1961* (the three-year expiration date of the filing of the conditional sales contract), and *June 28, 1961* (the date of the injunction), certain firms and individuals extended credit to Rosenberg for the purchase of goods. These debts remained unpaid on the date of bankruptcy. Some of these creditors also had extended credit to Rosenberg prior to June 18, 1961; others had not. After filing proof of claim for the balance owing on the conditional sales contract, Dempster filed a petition to reclaim its baling press. The referee denied the petition. On review, the district court affirmed. This appeal followed.

1. § 110, sub. c. reads in part:
"The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

The question is whether the trustee had rights to the baling press superior to Dempster's rights by virtue of section 70, sub. c of the Bankruptcy Act. Petitioner contends that though it failed to refile the conditional sales contract with the Recorder of Deeds on or before June 18, 1961, the original filing was constructive notice to the world beyond the three-year filing period. Petitioner further contends that by reason of the state court injunction there were no creditors who could have obtained a lien on the baling press by legal or equitable proceedings at the date of bankruptcy and that therefore the trustee had no rights under section 70, sub. c.

■ Rights of the trustee as a lien creditor under section 70, sub. c of the Bankruptcy Act are determined by state law. Porter v. Searle, 228 F.2d 748 (10th Cir. 1955); In re Kellett Aircraft Corp., 173 F.2d 689 (3d Cir. 1949). The State of Wisconsin has adopted the Uniform Conditional Sales Act. Under the Wisconsin statute a conditional sales contract must be refiled periodically after the initial filing in order to be valid against creditors who, without notice of the contract, have attached or levied on the property.[2] The Wisconsin supreme court has interpreted this statutory provision as follows: "A failure to refile a conditional sales contract destroys its validity only as to subsequent purchasers and creditors. It does not operate to invalidate the contract as to those whose rights

during the three years following the filing were subordinate to the conditional sales contract." American Laundry Mach. Co. v. Larson, 217 Wis. 208, 257 N.W. 608 (1934).

■■ It is conceded that Dempster did not refile its conditional sales contract and that the three-year filing period expired June 18, 1961. Unquestionably, then, the initial filing could not operate against those who extended credit to Rosenberg after that date. We agree with the referee that the trustee under the provisions of section 70, sub. c, acquired as of October 18, 1961,[3] the status of a creditor who without notice of the conditional sales contract extended credit to Rosenberg after June 18, 1961, and then obtained by levy or attachment a lien upon the baling press, and that this is so regardless of whether such a creditor actually existed.

■ It is true, as petitioner says, that under Wisconsin law the filing of a conditional sales contract is equivalent to actual notice and is constructive notice to the world. Commercial Credit Corp. v. Schneider, 265 Wis. 264, 61 N.W.2d 499 (1953), it is clear from the American Laundry case, however, that constructive notice ends with the three-year period unless there is a valid refiling with the Register of Deeds.

Petitioner argues that because of the injunction in the state court proceeding no creditor, actual or hypothetical, existed at the date of bankruptcy, October

2. Wisconsin Statutes, § 122.05, reads in part:

"(1) Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed within 10 days after the making of the conditional sale."

Wisconsin Statutes, § 122.11, reads in part:

"The filing of conditional sales contracts provided for in sections 122.05 * * *

shall be valid for a period of 3 years only. * * * The validity of the filing may in each case be extended for successive additional periods of one year from the date of renewal by filing with the register of deeds, * * * a statement signed by the seller, * * * showing that the contract is in force and the amount remaining to be paid thereon."

3. "While § 70, sub. c. speaks of 'the date of bankruptcy, that term is defined as 'the date when the petition was filed.' Section 1(13), 11 U.S.C. § 1(13)." Lewis v. Mfrs. Nat'l Bank of Detroit, 364 U.S. 603, 607, n. 5, 81 S.Ct. 347, 349, 5 L.Ed.2d 323 (1961).

18, 1961; further, that under the doctrine of Lewis v. Mfrs. Nat'l Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347 (1961), the trustee could not "reach back" to the period between June 18 and June 28, 1961 (from the end of the three-year filing period to the date of the injunction), and assert that a creditor could have attached or levied on the baling press during that period. We disagree. While it is perhaps true that a creditor of Rosenberg who became such after June 18, 1961, could not have acquired a lien by legal or equitable proceeding during the existence of the injunction (the termination of which coincided with the bankruptcy adjudication), there was no impediment to such acquisition during the ten-day period preceding the injunction. Lewis is distinguishable because the "anterior point of time" before bankruptcy, to which the Supreme Court referred, was the period between the date a loan secured by a chattel mortgage was made to the bankrupt and the date when the chattel mortgage was recorded. In the instant case, the relevant period of time is posterior to the expiration of the three-year filing period of the conditional sales contract. If the petition for bankruptcy had occurred on June 28, 1961 (the date of the injunction), there could be no doubt that the trustee would prevail because he would have assumed at that time the status of a lien creditor who had acquired his lien without notice of the conditional sales contract. As we view it, the fact that an injunction intervened from June 28 to November 3, 1961, should have no material effect. The injunction merely froze the rights of Rosenberg's creditors from June 28 until the trustee succeeded to those rights by virtue of section 70, sub. c.

As the district judge noted in his decision, the trustee need not prove that a creditor coming within the purview of section 70, sub. c, actually exists at the date of bankruptcy. This section applies even on a hypothetical basis. Lewis v. Mfrs. Nat.'l Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347 (1961).

It would appear that the district judge ruled that the petition should be denied not only under the provisions of section 70, sub. c, but also under section 70, sub. e (1) of the Bankruptcy Act. Since we are of the opinion that there was adequate basis for denying it under section 70, sub. c, we do not reach the question of whether the other section also applies.

The order is affirmed.