MATTEK, Respondent, v. MALOFSKY, d/b/a SAM MALOFSKY MOTOR COMPANY, Appellant.

*No. 79. Argued February 4, 1969.—Decided March 7, 1969.*
(Also reported in 165 N. W. 2d 406.)

For the appellant there was a brief by *Fulton, Menn & Nehs*, attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson*.

For the respondent there was a brief and oral argument by *Fred A. Reiter* of De Pere.

HALLOWS, C. J. Two issues are presented on this appeal: (1) Whether the provisions of sec. 402.403, Stats.,[1] are applicable to sales between merchants; and (2) whether an automobile dealer who buys a used car

---

[1] "402.403 **Power to transfer; good faith purchase of goods; 'entrusting'.**

"(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been

from another automobile dealer, who has lawful possession of the car, without obtaining or inquiring about the certificate of title to the used car is a "buyer in ordinary course of business" within the meaning of sec. 402.403.

We think the provisions of sec. 402.403, Stats., are applicable to sales between merchants. We come to this conclusion because the purpose of sec. 402.403 (2) and (3) is to protect a person from a third-party interest in goods purchased from the general inventory of a merchant regardless of that merchant's actual authority to sell those goods. This section does not expressly or by implication restrict such protection of a sale by a merchant to a member of the consumer public. If the policy of negotiability of goods held in the inventory of a merchant is to be promoted, it would seem to apply between merchants where merchants buy from one another in the ordinary course of business. The protection is afforded to

delivered under a transaction of purchase the purchaser has such power even though:

"(a) The transferor was deceived as to the identity of the purchaser; or

"(b) The delivery was in exchange for a check which is later dishonored; or

"(c) It was agreed that the transaction was to be a 'cash sale'; or

"(d) The delivery was procured through fraud punishable as larcenous under the criminal law.

"(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

"(3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

"(4) The rights of other purchasers of goods and of lien creditors are governed by chs. 406, 407 and 409."

"a buyer in ordinary course of business," and by other provisions of the Uniform Commercial Code the term "buyer" includes a merchant.

In sec. 401.201 (9), Stats., a buyer in the ordinary course of business is defined as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker." Good faith is defined in sec. 401.201 (19) to mean "honesty in fact in the conduct or transaction concerned." This definition applies to a member of the consumer public only, because in sec. 402.103 (1) (b) " 'good faith' in the case of a merchant" is defined to mean "honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." In addition, sec. 402.104 (3) relating to the general standard applicable to transactions between merchants charges each merchant with the "knowledge or skill of merchants."

Consequently, a merchant may be a buyer in the ordinary course of business under sec. 402.403, Stats., from another merchant if he meets four elements: (1) Be honest in fact, (2) be without knowledge of any defects of title in the goods, (3) pay value, and (4) observe reasonable commercial standards. In the observance of reasonable commercial standards, however, a merchant is chargeable with the knowledge or skill of a merchant.

We think Malofsky was not the buyer in the ordinary course of business within the meaning of sec. 402.403, Stats. Although the delivery of the automobile to Frakes, a used-car dealer, constituted an entrustment, Frakes could by subsequent sale pass title to a buyer in the ordinary course of business. However, Malofsky as a merchant was not a buyer in the ordinary course of business because he was chargeable with the knowledge that the registration law, sec. 342.19 (2), Stats. 1963, which

provides that while a dealer need not apply for a certificate of title for a vehicle in stock or acquired for stock purposes, he shall upon the transfer of such vehicle give the transferee evidence of title, and in the case of a vehicle which has a certificate of title, the certificate of title shall be reassigned and delivered to the transferee. Malofsky should have known the used automobile had a certificate of title outstanding and that Frakes was required to give him such certificate of title. Under the standards set forth in sec. 402.104 (3), applicable to transactions between merchants, Malofsky is chargeable with this knowledge and his failure to procure a certificate of title or some evidence of title was unreasonable as a matter of law. Evidence of custom or usage of automobile dealers contrary to the statute cannot be used to defeat the rights of a third party whatever the value of such evidence may be in adjusting disputes between dealers.

The case of *Commercial Credit Corp. v. Schneider* (1953), 265 Wis. 264, 61 N. W. 2d 499, relied upon by Malofsky, is not in point. That case held it was unreasonable for a person to rely upon the certificate of title of an automobile for the disclosure of a lien interest; the facts here involve the failure to produce any certificate of title. Cases which involve the doctrine that automobiles are personal property and pass by the usual rules of intention of the parties and not by delivery of certificate of title are also not pertinent. In those cases the certificate of title is considered generally to be a significant factor but is not controlling. *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. 2d 275, 279, 137 N. W. 2d 49; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. 2d 747, 66 N. W. 2d 200; Annot. (1951), *Motor vehicle certificate of title or similar document as, in hands of one other than legal owner, indicia of ownership justifying reliance by subsequent purchaser or mortgagee without actual notice of other interests*, 18 A. L. R. 2d 813.

This is the first case interpreting the impact of sec. 402.403, Stats. However, in *Hudiburg Chevrolet, Inc. v. Ponce* (1962), 17 Wis. 2d 281, 116 N. W. 2d 252, decided before the adoption of the Uniform Commercial Code in Wisconsin, this court adopted the voidable title theory of sec. 402.403. But it should be noted that while a seller under this section has power to pass a better title than he possesses, nevertheless, the buyer must meet certain requirements to be entitled to the protection of that section.

A case from a lower court, almost on all fours with the present case, is *Atlas Auto Rental Corp. v. Weisberg* (1967), 54 Misc. 2d 168, 281 N. Y. Supp. 2d 400, where the court held the provisions of the U. C. C. 2–403 applied to transactions between merchants but a dealer who purchased a used car without any bill of sale or owner's registration took the risk that his transferor was not the owner. We think sec. 342.19 (2), Stats. 1963, of the Motor Vehicle Code must be construed with the Uniform Commercial Code and it is proper to refer to the Motor Vehicle Code to determine what a used-automobile dealer is supposed to know or what knowledge he is chargeable with when he claims to be a buyer in the ordinary course of business.

*By the Court.*—Judgment affirmed.