## 58638. SYLVESTER MOTOR & TRACTOR COMPANY, INC. v. FARMERS BANK OF PELHAM et al.

SOGNIER, Judge.

Tillman Dean purchased a tractor from an International Harvester dealer, Faircloth International, Inc. (Faircloth) and gave a security agreement and bill of sale to Production Credit Association as security for a loan of the purchase price. Four days after the sale Faircloth borrowed the tractor from Dean for demonstration purposes; unknown to Dean, Faircloth transferred the tractor to appellant (Sylvester), another International Harvester dealer, without informing appellant the tractor had been sold to Dean. Subsequently, Production Credit Association transferred the security agreement and bill of sale to the Farmers Bank of Pelham. On hearing that the tractor was in Sylvester's possession the bank told Dean to pay the amount of the loan or get the tractor back from Sylvester. On Dean's failure to meet the bank's request, the bank filed this action for a writ of possession against Dean, Sylvester and Faircloth. During the hearing without a jury the trial court ordered that the tractor be brought to the court; this was done without objection. At the conclusion of the hearing the trial court orally denied the bank's request for a writ of possession; found that Sylvester had no legal right to the tractor; and ordered possession of the tractor vested in Dean. However, in the written order, the court granted the bank's request for a writ of possession as to Faircloth and Sylvester. Thus, all parties are back in their original position. International Harvester agreed to indemnify Sylvester for any loss it might incur if it lost possession of the

tractor, so Sylvester has not been harmed in any way.

1. Sylvester's first enumeration of error, that the trial court erred in ordering the tractor in dispute brought to the court during the hearing on the writ of possession, is without merit. Sylvester made no objection to the trial court's order and it is well settled that this court will not consider questions raised for the first time on appeal. *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977). In connection with this same enumeration, Sylvester contends that it should remain in possession of the tractor because Dean "entrusted" the tractor to Faircloth within the meaning of Code Ann. § 109A-2—403. This contention also is without merit. Dean did not entrust the tractor to Faircloth to *sell;* he let Faircloth borrow the tractor for demonstration purposes at Faircloth's request. While the transfer of the tractor from Faircloth to Sylvester was not in the usual form of a sale, it was a sale under Code Ann. § 109A-2—106 (1). Even if Faircloth had been entrusted with the tractor he did not have the power to transfer to *Sylvester* since Sylvester was not a buyer in the ordinary course of business as contemplated by Code Ann. § 109A-2—403 (2). See Mattek v. Malofsky, 42 Wis. 2d 16 (165 NW2d 406); Tumber v. Automation Design & Mfg. Corp., 130 N. J. Super. 5 (324 A2d 602).

Code Ann. § 109A-2—403 (2) protects a buyer in the ordinary course of business. Appellant cites *Simson v. Moon,* 137 Ga. App. 82 (222 SE2d 873) (1975) as authority for the proposition that Sylvester should be protected as the purchaser where the tractor was entrusted to Faircloth. The case is distinguishable, however, in that the purchasers in *Simson v. Moon* were individual consumers in the ordinary course of business and not dealers charged with a stricter standard of conduct. Sherrock v. Commercial Credit Corp. (Del. Super.) 277 A2d 708 .

2. In Sylvester's second enumeration of error it contends the trial court erred in finding there were no issues of fact which would require a jury trial. However, Sylvester stated to the court that the only issues in the case were whether there was an entrustment of the tractor by Dean to Faircloth, and whether there was a

valid sale by Faircloth to Sylvester. These questions present issues of law, not fact, and the trial court did not err in ruling that there was no necessity for a jury trial, as questions of law·must be decided by the court. *Foster Wheeler Corp. v. Ga. Power Co.,* 140 Ga. App. 261, 267 (230 SE2d 494) (1976).

3. Sylvester's final enumeration of error is that the trial court erred in denying Sylvester's motion to dismiss for lack of jurisdiction and improper venue. Code Ann. § 67-702 provides, in pertinent part: "Upon statement of the facts under oath any person . . . may petition . . . for a writ of possession before any judge . . . or any clerk of any such court within the county where the debtor may reside or where the secured property may be found . . ." This court has held that an action pursuant to § 67-702 is not limited to the debtor, but may be brought against someone in possession of the property other than the debtor. *Camilla Cotton Oil Co. v. CIT Corp.,* 143 Ga. App. 840 (1) (240 SE2d 212) (1977). Additionally, suits against joint obligors, joint promissors, co-partners, or joint trespassers, residing in different counties, may be tried in either county. Art. VI, Sec. XIV, Par. IV, Constitution of the State of Georgia (Code Ann. § 2-4304). Whether Sylvester is considered a joint tortfeasor or a joint trespasser, the cited provision of the Georgia Constitution fully authorizes venue in Decatur County, since both Dean and Faircloth were residents of Decatur County. *Davis v. Correct Mfg. Corp.,* 143 Ga. App. 460, 461 (238 SE2d 553) (1977); *Cox v. Strickland,* 120 Ga. 104 (47 SE 912) (1904). Accordingly, the court had jurisdiction over Sylvester and venue in Decatur County was proper. Further, a writ of possession was granted against Faircloth, a resident of Decatur County. "[N]o error or defect in any ruling or order or in anything done or omitted by the court . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice . . ." Code Ann. § 81A-161. *Gaddis v. Ga. Southern & Fla. R. Co.,* 145 Ga. App. 826 (245 SE2d 8) (1978). Under the unique circumstances of this case we believe substantial justice was done by the trial court and

we will not disturb its findings.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued October 15, 1979 — Decided February 27, 1980 —

*Henry C. Custer,* for appellant.

*Bruce Kirbo, Ralph C. Smith, Jr., Fred B. Hand, Jr.,* for appellees.