William S. BROWN, as Trustee of the Estate of Harold Jackson, Bankrupt, Plaintiff,

v.

AMERICAN TRUST COMPANY, Defendant.

No. 37980.

United States District Court
N. D. California, S. D.

Aug. 11, 1960.

**250**

August B. Rothschild, San Francisco, Cal., for plaintiff.

Howard J. Finn, Hamilton W. Budge, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff, as Trustee of the Estate of Harold Jackson, Bankrupt, sues to recover $2,250 from defendant, American Trust Company, alleging that by repossessing an automobile of that value on July 24, 1958, defendant thereby received a preference over other general unsecured creditors of said Bankrupt. Plaintiff now seeks to avoid the preference.

The facts are not disputed. The parties have entered into a Stipulation of Facts, dated February 1, 1960, which, together with two amendments dated June 21 and July 22, respectively, the court adopts. Essentially, the facts are these: On January 19, 1957, Harold Jackson purchased on conditional sale from Fred Hudkins, Inc., a new 1957 Chrysler Imperial automobile. On January 21, 1957, Fred Hudkins assigned its right, title and interest in the conditional sale contract to American Trust Company. Defendant immediately took all steps necessary under the laws of California—the situs of the sale and assignment as well as of the property—to perfect its security interest in the car.

On or about February 15, 1957, Jackson drove the car to the State of New York, where it remained until July 24, 1958. On that date, Jackson being delinquent in his payments to American Trust Company, defendant repossessed the car in New York and returned it to California. More than ten days prior to the repossession, defendant received notice that the car was in Queens County, New York, but did not at any time file a copy of said conditional sale contract in any filing district of New York. Jackson was in fact insolvent on July 24, 1958, and American Trust Company had reasonable cause to believe that he was insolvent.

On July 24, 1958, the reasonable value of the automobile was $2,250.

On August 18, 1958, Jackson filed a voluntary petition in bankruptcy with the United States District Court for the Eastern District of New York, and was duly adjudged a bankrupt.

Defendant concedes—with one exception—that all essential elements of a voidable preference exist here.[1] The

---

1. 11 U.S.C.A. § 96, sub. a(1).
   "A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a credi-

tor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the

sole controversy is whether the repossession constituted a "transfer," as that term is described in § 60, sub. a(2) of the Bankruptcy Act.[2]

Both parties agree that under the "uniform conditional sales act" of New York,[3] defendant's reservation of title became void in that state as to bona fide purchasers from and creditors of the bankrupt when defendant failed to file a copy of the conditional sale contract in the appropriate filing district within ten days after receiving notice that the property had been removed to New York, and that said reservation of title remained void until July 24, 1958, on which date defendant repossessed the automobile.

Plaintiff contends that a "transfer" occurred on July 24, 1958, because, prior to that date liens could have been obtained upon the property which, in New York, would have been superior to the rights of the defendant. A literal reading of the Bankruptcy Act supports plaintiff's argument: perfection of title against such liens is the test of a transfer under § 60. On the other hand, defendant asks that the court read into § 60 a proviso that "with respect to a single transaction there can be but *one* transfer" which is deemed to have been made

or suffered the *first* time the property interest involved was perfected anywhere. There is no direct authority for defendant's position and the cases relied upon are readily distinguishable.

From Lockhart v. Garden City Bank & Trust Co., 2 Cir., 1940, 116 F.2d 658, 661—which is unrelated on its facts to the instant case—defendant quotes the Court's dictum that, "* * * a perfection of the transfer by original recordation before the filing of the petition fixes the transfer as of the date perfected, rather than as of any later date at which it is kept perfected." This is a correct statement of the law; a conditional seller's reservation of title will not be jeopardized because in order to keep his interest perfected he is required by local law—within four months of bankruptcy—to re-record his title or even to record it anew in another jurisdiction if the property is moved. The Bankruptcy Act is in accord. Recording or repossession of property will not constitute a transfer under § 60 unless prior to the recording or repossession a lien superior to that of the conditional seller was obtainable. If defendant had recorded its title within ten days of receiving notice—as required by New York law—plaintiff trustee would have no claim to the property even

petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

2. 11 U.S.C.A. § 96, sub. a(2).
"For the purposes of subdivisions (a) and (b) of this section, a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee * * *."

3. 40 McKinney's Consolidated Laws of New York, c. 41, Personal Property Law.
"§ 74 Refiling on removal
"When, prior to the performance of the condition, the goods are removed by the buyer * * * from another state into a filing district in this state where

such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section sixty-five, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed * * *."

"§ 65. Conditional sales void as to certain persons
"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale * * *."

if said recording had taken place within four months of bankruptcy. But defendant here did not record within ten days of receiving notice, and consequently, its reservation of title became voidable under New York law. Defendant's repossession on July 24, 1958 did not serve merely to *keep* its interest perfected; rather, it was an attempt to *renew* an expired priority. Further along in the Lockhart opinion the Court states the "well-settled rule" that " * * * the trustee may avoid the lien of those mortgages which were voidable for lack of refiling prior to bankruptcy." If anything, this case appears to be authority for plaintiff's position rather than defendant's.

 In addition to relying upon a literal reading of § 60, plaintiff cites England v. Moore Equipment Co., D.C. N.D.Cal.1950, 94 F.Supp. 532, affirmed per curiam 9 Cir., 185 F.2d 1019 (9th Cir., 1950). There, the District Court held that where a chattel mortgage, though valid in its inception under California law, was no longer in existence because the chattel had been removed to another county without being recorded, the mortgagee's subsequent seizure and sale of the property within four months of bankruptcy was voidable by the trustee as a preference. Prior to removal of the chattel the mortgage was a valid and subsisting lien upon the property. Defendant seeks to distinguish this holding by contending that the crux of the decision is the finding that the seizure and sale were contrary to the laws of California and constituted a conversion of the mortgaged property. But implicit in the opinion—and essential to the result—is the Court's recognition of the seizure and sale as a transfer under § 60.

There can be no preference without a transfer. Hence, the England case is authority that an interest may again be "transferred" after it is first perfected and "transferred." And whether the transfer be by conversion or repossession is immaterial under § 60. Both the England holding and plaintiff's position in the instant case are in keeping with the policy behind § 60.[4]

It is the conclusion of this court that defendant received a preference and that plaintiff may recover the value of same —$2,250—together with costs and interest.

The foregoing shall constitute Findings of Fact and Conclusions of Law.

---

4. "The policy behind § 60, [sub.] a is to compel public recordation for the benefit of creditors and to strike down, as preferential transfers, transactions whereby the debtor is permitted to retain possession of property as his own when actually it belongs or is encumbered to another by virtue of an undisclosed agreement * * *. It is not an unreasonable burden to compel conditional vendors to comply with state requirements for public notice; and it is a policy well within the limits of Congressional power to enforce. * * * If the intent of the Act is permitted full scope, the only thing that will insure inviolability of otherwise valid conditional sale will be prompt fulfillment of state requirements for perfection as against subsequent lien creditors." 3 Collier on Bankruptcy § 60.43.