**In re Gerald G. WILSON and Bertha L. Wilson, husband and wife, d/b/a Sure Strike, Debtors.**

**Bankruptcy No. 80–00295.**

United States Bankruptcy Court,
E. D. Washington.

June 11, 1980.

Stephen M. Brown, Yakima, Wash., for Mr. and Mrs. Wilson.

Arthur W. Kirschenmann of Kirschenmann, Devine & Fortier, Inc., P. S., Yakima, Wash., trustee.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

On April 9, 1980 a hearing was held on the trustee's objection to the debtors' claim of exempt property listed in schedule B–4 of their joint petition. Representing Mr. and Mrs. Wilson was Mr. Stephen M. Brown of Yakima, Washington. Acting as duly appointed trustee was Mr. Arthur W. Kirschenmann of the law firm of Kirschenmann, Devine & Fortier, Inc., P. S.

### FACTS

The debtors herein jointly filed a petition for relief with this Court on March 3, 1980 and an order for relief was subsequently entered. On March 14, 1980 the trustee filed an objection to the claim of exemptions giving rise to the present contested matter under Bankruptcy Rule 914.

The thrust of his objection is a constitutional one. The trustee relies upon the general rule of constitutional law which holds that when a state statute is passed after a contract has been entered into the statute cannot be applied to that contract if it would substantially impair the value of the contract. *Edwards v. Kearzey*, 96 U.S. 595, 24 L.Ed. 793 (1877); *W. B. Worthen Co. v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934). Specifically, the trustee urges this Court to hold section 522(d) and 522(m) of the Bankruptcy Code of 1978 unconstitutional as to the creditors who extended credit prior to October 1, 1979. His reasoning goes as follows: creditors who extended credit prior to October 1, 1979 relied on the fact that the only exemption a borrower could claim if he or she later filed a petition in bankruptcy were, with a few exceptions, state exemptions. With the passage of H.R. 8200 the creditors now find that a debtor, upon filing a petition for relief, can claim the state exemptions or an entire new set of exemptions under federal law. 11 U.S.C. § 522(d). Additionally, the trustee contends that under the new Code each spouse can claim exemptions independent of the other spouse (11 U.S.C. § 522(m)) thus allowing the debtors in a joint petition to collectively claim more of their property exempt than was allowed under the old Act.

### CONCLUSIONS

It is evident from the Memorandum of Authorities submitted by the parties as well as the Court's own research that this is a case of first impression under the new Bankruptcy Code. Although there is no binding precedence on this Court guidance can be gleaned from case law under the Bankruptcy Act of 1898.

One of the primary duties of a Chapter 7 trustee (11 U.S.C. § 704(1)) is to collect and reduce to cash "property of the estate" (11 U.S.C. § 541) for its eventual distribution, by means of a dividend, to those entitled to receive it. 11 U.S.C. § 726. To facilitate the trustee in collecting property of the estate Congress has vested him with certain powers. Among them is the power to reclaim property in the possession of third persons (11 U.S.C. §§ 542, 543), to avoid certain transfers, obligations (11 U.S.C. § 544), statutory liens (11 U.S.C. § 545), preferences (11 U.S.C. § 547), fraudulent conveyances (11 U.S.C. § 548) and post-petition transactions (11 U.S.C. § 549).

Another important duty of the trustee in a Chapter 7 case is to examine the debtor's claim of exemptions and file an objection if grounds exist (B.R. 403) within 15 days of the first meeting of creditors. L.R.–B–

2003(e). If the trustee is successful in his objection the property claimed exempt does not pass to the debtor but remains property of the estate for eventual distribution.

 In the instant case the trustee raises an objection to the claimed exemptions based on Article 1, sec. 10 of the U.S. Constitution. As is true with the raising of all constitutional questions the party presenting them must first convince the Court that he is a proper party. To be a proper party the person presenting the question must have been a creditor who extended credit to the debtor before the enactment of the new statute. While it is undoubtedly true that such creditors exist in the instant case it is the holding of this Court that the trustee is not among them. In oral argument the trustee stated that he has standing to raise the issue since he, as trustee, is the representative of the holders of allowable unsecured claims and since some of them could raise the issue he is also capable of doing so. That, however, is incorrect. As a general rule a person is precluded from challenging the constitutionality of statutes by invoking the rights of others. *U. S. v. Herrera*, 584 F.2d 1137 (2nd Cir. 1978); *Big Eagle v. Anderea*, 508 F.2d 1293 (8th Cir. 1975); *O'Malley v. Brierley*, 477 F.2d 785 (3rd Cir. 1973). Therefore, to have standing the trustee himself must be able to demonstrate to the satisfaction of the Court that he is vested with the rights, powers and privileges of a creditor who extended credit to the debtor before the enactment of the new Code. That the trustee has been unable to do.

This Court is well aware of the fact that Congress has granted the trustee the rights and powers of certain creditors in order to recover as much property as possible for distribution to creditors. To this end section 544 of the Bankruptcy Code was enacted. It provides that the trustee shall have the rights and powers of a creditor who extended credit to the debtor and obtained either a judicial lien on all the property of the debtor which a creditor with simple contract could have obtained (11 U.S.C. § 544(a)(1)) or an execution returned unsatisfied (11 U.S.C. § 544(a)(2)). These rights and powers, it should be noted, are given the trustee whether or not there exists an actual creditor in this bankruptcy proceeding with these powers. One limitation on these rights and powers, however, is the fact that the trustee is deemed to possess these rights and powers only from the moment the bankruptcy case is commenced. He is not allowed to reach back to some anterior point in time and assert the rights of a creditor at such a point in time. *Glessner v. Massey-Ferguson, Inc.*, 353 F.2d 986 (9th Cir. 1965) *cert. denied* 384 U.S. 970, 86 S.Ct. 1859, 16 L.Ed.2d 681 (1965). Since the Bankruptcy Code of 1978 was enacted on October 1, 1979 and the present case was commenced on March 3, 1980 the provisions found in section 544 were already in existence at the time the trustee was deemed vested with the above mentioned rights and powers. Therefore, the trustee as a creditor has no standing to raise the constitutional issue of impairment of contracts. If it is to be raised at all it must be done by an actual creditor who extended credit to the debtor before the enactment of the Bankruptcy Code.

 Before proceeding further it should be emphasized that the trustee did not specifically rely on section 544 of the Bankruptcy Code when challenging the constitutionality of 522(d) and 522(m) but the general proposition that he is the representative of holders of allowable unsecured claims. While it is clear that under the Bankruptcy Act of 1898 the trustee represented, among others, unsecured creditors (*In Re Leasing Consultants, Inc.*, 592 F.2d 103 (2nd Cir. 1979); *In Re Urban*, 136 F.2d 296 (7th Cir. 1943)) and that this characterization remains valid under the Bankruptcy Code of 1978 this does not imply that the trustee is vested with all the rights, powers, and privileges of those individual creditors. The trustee in bankruptcy is vested only with those rights, powers, and privileges granted him the Bankruptcy Code and no more. Therefore, the trustee can be considered a representative of holders of allowable unsecured claims not because he stands

in *pari causa* with these creditors but because the fruits of his labors flow to, among others, this class of claimants.

 Finally, the trustee lacks standing to raise the issue under section 544(b) of the Bankruptcy Code. That section reads as follows:

The trustee may avoid any transfer of an interest of the debtor in property or an obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

While a cursory reading of this section would appear to give the trustee the standing necessary to raise the issue such is not the case upon a closer reading. While section 544(b) allows the trustee to avoid "transfer of an interest of the debtor in property" or "obligations incurred by the debtor" if a holder of an actual allowable unsecured claim exists it is not broad enough to give the trustee the power to object to the claimed exemptions. The claiming of exemptions under schedule B–4 is simply neither a transfer nor the incurring of an obligation.

In order for the trustee to have standing to challenge the constitutionality of section 522(d) and 522(m) section 544(b) would need to be amended by Congress to read as follows:

(b) The trustee shall have, as of the commencement of a case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of an interest of the debtor in property or an obligation incurred by the debtor that is voidable under applicable law by—

(1) an actual creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

Having determined that the trustee lacks standing to raise a challenge to the constitutionality of sections 522(d) and 522(m) of the Bankruptcy Code it is unnec-essary for this Court to address the question of whether the contract clause applies to statutes enacted by Congress and, assuming that it does, whether it violates such a clause. This Court in keeping with well established tradition will not determine the constitutionality of a statute if it is possible to avoid doing so. *Life Ins. Co. of North America v. Reichardt*, 591 F.2d 499 (9th Cir. 1979); *Mabey v. Regan*, 537 F.2d 1036 (9th Cir. 1976).

On the basis of the foregoing memorandum opinion which is hereby adopted as my Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752, it is

ORDERED that the trustee's objection the debtors' claim of exemption be and the same is hereby denied.

IT IS FURTHER ORDERED that counsel for the debtor submit an order in conformity with the foregoing.