### 52537. FOSTER WHEELER CORPORATION v. GEORGIA POWER COMPANY.

MARSHALL, Judge.

Appellant Foster Wheeler Corporation brings this appeal from the grant of a partial summary judgment in favor of Georgia Power Company against Foster Wheeler's three defenses of res judicata, accord and satisfaction, and release filed by Foster Wheeler in response to an action brought against it by Georgia Power. Foster Wheeler also appeals the denial by the trial court of appellant's own motion for summary judgment as to the complaint filed by Georgia Power on the same grounds. The trial court granted a motion for immediate review and this court granted the interlocutory appeal.

The facts giving rise to this appeal are convoluted. Georgia Power undertook to construct an electric power generator at its Plant Hammond in Floyd County. It entered into a contract in excess of eight million dollars with Foster Wheeler to act as general contractor for the erection and supervision of the generator. In connection with the generating plant, Georgia Power purchased two large forced-air fans from The Air Preheater Corporation with Foster Wheeler charged with the responsibility for furnishing supervision of erection, instruction in start-up and operation of these fans. The two fans, identified as 4A and 4B, were constructed by The Air Preheater Corporation and erected in the Plant Hammond facility by Foster Wheeler. In April, 1970, fan 4A was assembled, fastened to the floor, balanced and started up. After a short period of time, the fan disintegrated and had to be replaced. In June, 1970, fan 4B, in an entirely unrelated incident, caught fire resulting in substantial damage to the property of Georgia Power and particularly in the area of the air heater units. In addition to property damage, the fire in fan 4B caused certain personal

injuries. Suit was brought in U. S. District Court against Georgia Power by the injured parties. Georgia Power interpleaded Foster Wheeler as a party defendant in the personal injury suits. Georgia Power successfully maintained its position against Foster Wheeler in the disposition of the personal injury dispute based upon an indemnity clause in the contract between Georgia Power and Foster Wheeler. It is noted that these were suits based upon personal injuries and indemnification and did not call upon Foster Wheeler to replace fan 4B or any of its component parts nor did Georgia Power seek any other contractual enforcement in that suit. This litigation did not involve The Air Preheater Corporation since the suit was based in negligence on the part of Foster Wheeler in the supervision of the operation of fan 4B by Foster Wheeler and not in the construction or erection of the fan.

While the suit involving fan 4A (supra) was in settlement negotiations, Georgia Power was paid approximately $707,000 by its insurers for the property damage resulting from the fire involving fan 4B. Its insurers were subrogated to all rights of Georgia Power and retained the right to bring any suit in the name of Georgia Power.

During this same general time frame, Georgia Power brought suit in U. S. District Court against both The Air Preheater Corporation and Foster Wheeler for damages Georgia Power suffered because of destruction caused by the defects in fan 4A. Georgia Power sued for an amount in excess of one million dollars. Both Air Preheater Corporation and Foster Wheeler counterclaimed, with the counterclaim of Foster Wheeler dealing with retainage under the contract amounting to over one million dollars. Settlement negotiations were undertaken by attorneys for all three parties. As a result of the negotiations, a consent decree was entered by the federal court. That court expressly severed Foster Wheeler's counterclaim on retainage, leaving that claim as the only unresolved issue in the litigation concerning the destruction of fan 4A. Foster Wheeler and The Air Preheater Corporation together paid Georgia Power $100,000 in settlement of Georgia Power's claim for damages to fan 4A. Air Preheater Corporation's cross

complaint was dismissed. In the consent order of February, 1973, the federal court stated, "All other matters and controversies [excepting the counterclaim of Foster Wheeler] among the parties hereto, whether by way of claim, counterclaim or cross claim, which were or could have been in issue in the above captioned case are hereby finally disposed of and adjudicated by the following Orders of Court with all parties hereto consenting to the same."

Following the consent order, Georgia Power and Foster Wheeler, without their attorneys, settled the retainage counterclaim arising out of the contract. Georgia Power agreed to pay Foster Wheeler a sum in excess of $1,250,000 in discharge of the retainage held by Georgia Power to insure proper performance of contractual obligations. Therefore in December, 1973, the federal court entered an order of dismissal with prejudice disposing of Foster Wheeler's counterclaim. In the order of dismissal, the court stated, "The parties hereby stipulate that all matters in this case have been satisfactorily adjusted between Georgia Power Company and Foster Wheeler Corporation . . ."

Additionally, during these later negotiations, Foster Wheeler acknowledged that settlement of retainage and the contract had been agreed upon, but also promised in a letter to Georgia Power to continue for a period of one year its warranty on certain satellite heaters installed pursuant to the basic contract. In that letter, which was acknowledged and approved by Georgia Power, it was stated, "Foster Wheeler's warranty of replacement as indicated above will survive the final settlement which has been agreed to on the job and the final payments of retention which have been received by Foster Wheeler, and will constitute Foster Wheeler's only remaining obligation with respect to the subject contract, whether based on contract, tort, warranty or otherwise."

Subsequently in May, 1974, the subrogated insurers of Georgia Power brought the present suit in the Civil Court of Fulton County seeking to recover $710,000 from Foster Wheeler as compensatory damages arising out of the property damage caused by the fire in fan 4B in June, 1970.

The basic issue presented by this interlocutory appeal is whether the consent decree of February, 1973, and the order of dismissal with prejudice of December, 1973, each involving the destruction of fan 4A and (without dispute) arising out of the basic contract between the parties, also effected a disposition of the subrogated right of action arising out of the fire and property damage resulting therefrom which occurred in fan 4B. Foster Wheeler contends that the dispute between itself and Georgia Power must have its genesis in the contract since no other relationship exists between the parties. By the express terms of the consent decree and the order of dismissal, all rights and obligations arising out of the contract were settled. Thus, Foster Wheeler urges that the earlier orders from the federal court between the same parties are res judicata as to matters involving the contract. It contends that the orders worked an accord and satisfaction as between the parties in relation to the contract. Lastly, it contends that the agreement to extend the warranty on the satellite spacers amounts to a release of any further claims that Georgia Power might have had against Foster Wheeler.

Georgia Power, while admitting the settlement of all contractual obligations, contends that the right of action arising out of the fan fire sounds in tort and is independent of the contract. Thus, its position is that the earlier federal court orders and correspondence dealing with the contract were not intended to and did not affect the cause of action dealing with the fire damage.

From the above it is apparent that the key to this logogriph is whether the cause of action arising out of the fan fire is based in contract or has an independent basis in tort. This divergence of understanding has been consistent throughout the settlement negotiations of the respective parties, with Georgia Power always believing that the causes of action involving fan 4A and fan 4B were separate and distinct and Foster Wheeler understanding that each had a common basis in the contract. The federal court found as a matter of fact that this misunderstanding existed and further that during the negotiations outside and in the presence of that court, no mention was made of any connection between the fan 4B fire and the fan 4A

destruction. We note that at one point during the early negotiations for settlement of the fan 4A suit, Georgia Power mentioned the probability of adding a fan 4B count if the fan 4A suit could not successfully be settled. Since the fan 4A suit was ultimately settled without need of trial, no further mention was ever made by either party of the fan 4B fire until the present suit was filed. *Held:*

We first examine the consent order and the order of dismissal to determine what matters were being disposed of by the federal court. We observe that both the consent order and the order of dismissal limit themselves to "the above captioned case." The caption of the case involves Georgia Power, Foster Wheeler and The Air Preheater Corporation. It is clear therefore that this case involved only fan 4A since The Air Preheater Corporation was not involved in the fire in fan 4B. It is undisputed that the cause of action involving fan 4A was based in the contract. It is also indisputable that the extension of the warranty as to the satellite heaters was based exclusively in the contract. Though the parties and the federal court obviously dealt with the contract, still we must decide whether the words "all other matters and controversies among the parties, whether by way of claim, counterclaim or cross claim, which were or could have been in issue" and "all matters growing out of the construction contract between them involved in this case" and finally, the assertion that the additional warranty "will constitute Foster Wheeler's only remaining obligation with respect to the subject contract, whether based on contract, tort, warranty or otherwise," effected a final disposition of the fan 4A contractual cause of action only or both the contractual fan 4A and the tortious fan 4B causes of action.

We accept as a fundamental legal precept that a single act or course of conduct may constitute either a breach of contract or an independent tort. If such act or conduct violates a contract obligation, suit may be brought on the breach. If the act or conduct violates a duty owed to plaintiff, independent of contract, to avoid harming him, suit may be brought on the tort (*E. & M. Const. Co. v. Bob,* 115 Ga. App. 127 (153 SE2d 641); *Rawls Bros. Co. v. Paul,* 115 Ga. App. 731 (155 SE2d 819)). Suit

may be brought on both as independent actions (*Sims v. American Cas. Co.,* 131 Ga. App. 461, 468, 473, 478, 479 (206 SE2d 121); *Penn. &c. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430, 432 (224 SE2d 55)).

In this case the consent order, the order of dismissal, and the extension of warranty all refer back to or rely on the basic contract. As contrasted with the action brought by the subrogated insurers based in tort, the suit brought by Georgia Power in the U. S. District Court on fan 4A, which was settled, relied on inadequate construction or performance of contractual duties. Foster Wheeler's counterclaim for retention funds referred to contractual performance. The warranty extension expressly recognized the settlement of contractual obligations, though voluntarily assuming an extension of a limited obligation. In spite of the protestations of the attorneys for Foster Wheeler that it was always their intent to include the fire claim as a part of the settlement of the fan destruction claim, at no time was the fan fire mentioned in the federal district court, in any of the correspondence between the parties, nor in the orders prepared by Foster Wheeler for signature by the federal judge.

We are satisfied that the legal effect of the actions of the federal judge when he signed the consent order and the dismissal with prejudice tended to finally dispose only of the contractual obligations existing between the parties. Under the facts the only cause of action arising out of and based upon the contract was the destruction of fan 4A. We can find no evidence that Foster Wheeler was under a contractual duty to prevent a fire in the premises of Georgia Power. We conclude that the cause of action relating to the fire in fan 4B was independently based in tort and was so considered by the parties when viewed in the course of conduct pursued by them. Where the second cause of action between the parties is upon a different claim, the prior judgment is res judicata not as to issues which might have been tendered, but only as to those matters in issue or points controverted, upon the determination of which the finding was rendered. Mercoid Corp. v. Mid-Continent Investment Co., 320 U. S. 661 (64 SC 268, 88 LE 376).

The Civil Court of Fulton County had before it for

decision the legal effect of the documents involved in the prior suit between the parties. The parties did not dispute the language of these documents, only the scope of that language. This amounted to a question of law. All questions of law must be decided by the court. *Warnock v. Elliott,* 96 Ga. App. 778 (101 SE2d 591). There being no genuine issue of material fact Georgia Power was entitled to its motions for partial summary judgment. 6 Moore's Federal Practice § 56.15 [3], p. 2339; *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). For the same reasons, the trial court did not err in denying the motion for summary judgment filed by Foster Wheeler. Section 56 (e) of the Civil Practice Act (Code Ann. § 81A-156 (e)). See also *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 540 (2) (224 SE2d 504); *Lake v. Hamilton Bank,* 137 Ga. App. 600, 602 (224 SE2d 522).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED OCTOBER 8, 1976 — REHEARING DENIED NOVEMBER 1, 1976 — 

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Alfred B. Adams, III, James R. Kelley, Gregory J. Digel,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., William A. Wright,* for appellee.