## 52634. BARKWELL et al. v. HELMS.

MARSHALL, Judge.

Following remand for more explicit findings of fact and conclusions of law by the trial court (see *Barkwell v. Helms*, 137 Ga. App. 290 (223 SE2d 485)), appellants enumerate as error in this appeal an insufficiency of evidence to support the finding by the trial court; viz., that the $7,000 judgment represented what Helms (the contractor) stood to lose as the result of extra work done or expenses paid by him on behalf of appellants, and more generally that the trial court erred in entering judgment for Helms.

In its conclusions of law the trial court found that the parties to this trial did enter into an agreement or contract for the construction of a house. The court also found that the exact terms of this contract were disputed and the terms were never clearly established. The court also found that certain modifications of the plans as initially envisioned were approved by the appellants causing increases in the construction costs. Appellants paid to Helms money in excess of the amount they contended was the stipulated construction cost and perforce the agreed contract amount as they understood it. *Held:*

There was evidence before the trial judge which indicated that Helms agreed to build a house and pay all the bills himself, receiving in return reimbursement from the Barkwells. The evidence showed that Helms purchased supplies to build the house in an amount of $31,198.30. Helms testified that he had paid all but $7,000 or $8,000 of those bills. Simple arithmetic shows that Helms paid approximately $23,000 on these bills. Helms further testified that he paid labor bills of $7,645.12. Again, simple arithmetic reflects that Helms was out of pocket approximately $30,645. These expenses, in addition to the house, included such items as draperies, a fence, a gas grill, carpets, and attorney fees in clearing title to the property. At no point in the trial was this evidence contradicted. It also was uncontested that the Barkwells had paid Helms the sum of $22,600. Based upon such figures, it may easily be seen that the

out-of-pocket expenses suffered by Helms are approximately $8,000, i.e., the difference between $30,645 paid and $22,600 received. We note that this does not include the approximately $7,000 to $8,000 still owing to suppliers.

We do not view this testimony as so uncertain as to indicate an insufficiency of evidence requiring a reversal. Though there should not be reliance upon speculation and conjecture in establishing damages, and the proof should be made with all possible specificity, it has been held in numerous cases that reasonable certainty is all that is required. See *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840, 843 (207 SE2d 241). We conclude that the findings of the court generally coincide with the evidence before it. Where the judgment of the trial court awards damages within the range of the testimony, this court will not reverse the judgment of the trial court. *Campo Construction v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797). We are bound by the rule that an appellate court when reviewing a judgment will not interfere with a finding by the trial court where there is any evidence to support it. We will not retry factual issues but limit our review to the correction of errors of law. *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (208 SE2d 118). Concomitant with this principle is the directive that after judgment every presumption and inference favors it, and the evidence must be construed to uphold rather than to destroy it. *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607).

Though the contract was somewhat vague and ambiguous, it was sufficiently established to authorize a resort to evidence as to the worth or value of the services rendered. See *Heard v. Heard,* 75 Ga. App. 71 (3) (41 SE2d 785). We find sufficient proof to warrant the trial court's verdict and judgment in favor of appellee in the amount of $7,000.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 13, 1976 — REHEARING DENIED NOVEMBER 1, 1976.

*Tate & Kreeger, Berl T. Tate,* for appellants.
*William E. Otwell,* for appellee.