## 53476. HIXSON v. BARROW et al.

MARSHALL, Judge.

Appellant Hixson, one of two defendants below, brings this appeal from a jury verdict and judgment against both defendants below, for $50,000 in favor of appellee John Barrow, and for $10,000 in favor of Mrs.

Barrow for loss of consortium. The other defendant, Roy Barrow, has not appealed. The lawsuit arose out of a two-car accident. Roy Barrow, appellee's brother, was the driver of one vehicle and appellant Hixson was the driver of the second. This is the second appearance of this case before this court. For a full statement of the facts, see *Hixson v. Barrow,* 135 Ga. App. 519 (218 SE2d 253) (1975). In this appeal, Hixson enumerates ten individual errors. *Held:*

1. In the first five enumerations of error, Hixson, in substance, alleges that there is no evidence to support the verdict of the jury or judgment of the court insofar as his personal liability is concerned.

The jury was warranted in concluding on the basis of the evidence presented that Hixson was seen driving on a one-way street in the downtown section of Atlanta in a thirty-mile zone at a speed estimated by the appellee John Barrow to be 55 to 60 miles per hour, and by evidence of another witness, Cage, that a car, which skidded into the intersection where the accident occurred, was proceeding at a speed of approximately 50 mph. If this evidence of unlawfully excessive speed is believed, this constituted negligence per se. There was evidence that Hixson's car struck the Barrow car, in which John Barrow was a passenger, with such force that it threw both the Barrow brothers out of their car through the passenger's door, and spun the car so that it was facing 180 degrees from its earlier direction of travel, and that Hixson's car was so severely damaged that he had to junk it. There was other evidence that fully established defendant Roy Barrow's negligence, but that determination by the jury is not in issue in this appeal.

Where the trial judge approves the verdict, the sole question for our determination is whether there is any evidence to authorize it. It is our duty to construe the evidence to uphold the verdict instead of upsetting it. *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600) (1976); *Bailey v. Todd,* 126 Ga. App. 731 (191 SE2d 547) (1972); *Hieber v. Watt,* 119 Ga. App. 5, 9 (165 SE2d 899). Although the evidence was in conflict as to whose negligence caused the accident, it was for the jury to resolve such conflicts in the testimony. The jury resolved this in favor of the

plaintiffs, and this court will not substitute its judgment for that of the jury. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293) (1976); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 661 (100 SE2d 902) (1957); *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181) (1957). The first five enumerations of error are without merit.

2. In enumerations of error 6 and 7, Hixson avers that the trial court erred in admitting the testimony of the witness Cage as expert testimony, and for the same reason in refusing to strike the entire testimony of the witness Cage. This self-same allegation was made and adversely decided against Hixson in the earlier appeal of this controversy. See *Hixson v. Barrow,* 135 Ga. App. 519, supra, at p. 522. This court held in that case that the expert testimony of the witness Cage was admissible and the weight was for the jury. Not only do we continue to adhere to that ruling as a matter of logic and law (*Carter v. Marble Products, Inc.,* 179 Ga. 122 (1) (175 SE 480) (1934); *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830) (1962)), but also our earlier ruling is binding upon us. *Atlanta Cas. Co. v. Williams,* 139 Ga. App. 732 (229 SE2d 534) (1976). This enumeration is still without merit.

3. The appellant urges in enumeration of error 8, that the trial court unduly emphasized the factor of speed, thereby minimizing the contributing elements of co-defendant Roy Barrow's negligence. We note that the trial court mentioned the matter of speed in three particular parts of his charge. In the first part, he stated to the jury the stipulation of the parties. This included a reference to speed limits and statutes. In his second reference, the court elucidated the contentions of the parties. This also referred to speed, but was limited by the standard cautionary instruction that the contentions of the parties were not evidence. Lastly, the court charged upon the applicable statutory provisions dealing with speed. Not only did the trial judge not unduly comment upon the issue of speed, but also, had he not charged as indicated in this record, his failure to do so might have subjected him to the contention that his charge was prejudicially inadequate. There was no error in the charge of the court. *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (9) (141 SE2d 189) (1965).

4. In his ninth enumeration of error, the appellant complains that the trial court erred in denying a motion for a mistrial based upon the biased and unresponsive answers of the witness Cage. The judge, out of the presence of the jury, cautioned the witness, and thereafter advised the jury that the witness was required to be responsive to the questions asked. The jury was also specifically admonished to consider the bias of the witness in judging his credibility. Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error. *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121) (1976); *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692) (1951); *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (31 SE2d 59) (1944). There was no abuse of discretion or error in this instance.

5. In his last enumeration of error, Hixson alleges that the trial judge abrogated the pre-trial order without the consent of the parties and thereby in effect nullified the pleadings. This contention is devoid of merit. The trial judge was faced with a retrial of the same suit between the same parties. The earlier trial had been reversed by this court because there had been inconsistent verdicts; i.e., a verdict for the plaintiffs against both defendants, thus implying a finding of negligence as to both defendants, but accompanied by a verdict for a full recovery by Hixson against Roy Barrow. On several occasions during the re-trial, counsel for Hixson complained that the trial court was disregarding the pre-trial order. On each occasion, the judge carefully pointed out that the parties and the court were following and were bound by that order. All the trial court did was to sever the cross· complaint of Hixson against Roy Barrow from the trial of the issues between John Barrow et ux. and Hixson and Roy Barrow. In view of the earlier reversal caused by the confusion of verdicts, we cannot say that the trial judge abused his discretion in severing the cross complaint from the main trial. The trial court has wide discretion in joinder or separation of claims

and counterclaims of the various litigants. *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407 (5) (203 SE2d 597) (1974); *Southern Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573, 575 (3) (174 SE2d 447) (1970).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 8, 1977 — REHEARING DENIED APRIL 21, 1977 — 

*Murray & Temple, Malcolm S. Murray, William D. Temple,* for appellant.

*Jack K. Bohler, Savell, Williams, Cox & Angel, Edward L. Savell, Andrew Robert Greene,* for appellees.