## 53906. GREEN et al. v. TREVENA.

MARSHALL, Judge.

The appellants, Mr. and Mrs. Green, bring this appeal from a jury verdict and judgment for damages in their favor which they claim is grossly inadequate and disproportionate to the facts, allegedly because of errors by the trial court.

The facts reflect that Mrs. Green was a substitute rural mail carrier. While she was on the job, her vehicle was struck by that of the appellee, Trevena, and Mrs. Green suffered certain injuries, dealing mostly with bruises, contusions and muscle strain. She was treated by a physician, and was unable to work for a period of time. Mr. Green incurred medical expenses, which were documented in the record. Mrs. Green alleged in her complaint that she was unable to work from the date of the accident until November 15, a period of approximately 16 weeks. In her complaint she sought recovery of loss of wages and damages for pain and suffering. Mr. Green sought recovery for medical expenses and loss of consortium. The trial judge directed a verdict for the appellants on the question of liability, and restricted the jury's consideration to the issue of damages. The appellants raise basically four enumerations of error. *Held:*

1. In their first enumeration of error, the appellants allege that the trial judge erred in limiting the jury to the period of July 27, 1974 (the date of the accident) until November 15, 1974, in considering the question of damages. This contention is based upon evidence that Mrs. Green continued to have pain and suffering right up until the time of the trial in December, 1975. While it is true that the trial judge did restrict the jury to the question of loss of wages during the period from July 27 until November 15 as one of the elements of damages, he did not so limit the jury as to the question of pain and suffering. To the contrary, the trial judge expressly gave separately a legal and appropriate charge on the question of pain and suffering, and allowed the jury to consider the question of such damages from the date of the injury until the date of the trial. As to the question of loss of wages,

Mrs. Green offered evidence that she did not have a regular schedule for work, but worked as a substitute upon call. There was evidence that she normally worked 3-5 days a month. However, as we view the evidence (and apparently as the trial judge did) there was a period from July 27 until September that Mrs. Green was unable to carry mail at all. In September, she made an effort to substitute, but determined that she was unable to perform her duties satisfactorily. In November, she again was asked to work, and, though she experienced pain and difficulty, she was able to carry out her responsibilities. Thereafter, she worked in December and several times monthly until August, when she voluntarily terminated her availability as a substitute mail carrier. Though Mrs. Green offered evidence that she might have substituted as a mail carrier more frequently in the months preceding the accident, she did not show that after November 15 she was unable to work as opposed to not being called to substitute as frequently. While Mrs. Green did testify that she experienced discomfort and fatigue, there is no evidence that after November 15 she was unable to respond to a call to carry mail. There was other evidence that she satisfactorily acted as a substitute mail carrier and that she quit only after a new substitute had been trained. From this evidence, the trial judge was warranted in concluding that there was no evidence that Mrs. Green had suffered a loss of wages due to the injuries received in the accident after November 15. See *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76) (1959).

Apparently, the appellants contend that, because the charge limited the issue of loss of wages to a 16-week period, the jury would apply that same time limitation to damages, if any, for pain and suffering. We will not impute such an inability to the jury to follow the plain and unambiguous instructions of the judge. It is not necessary, in considering a charge, to assume a possible, adverse construction. A charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917) (1965). The charge in this case meets that standard. This enumeration is without merit.

2. In their second and third enumerations of error, the appellants urge that the trial judge erred in instructing on the issues of circumstantial evidence, impeachment, and contradictions in the evidence. It appears that the appellee Trevena, while contesting liability, made a number of requests for instructions, including the ones of which complaint has been made. Though the trial judge ultimately directed a verdict as to liability in favor of the Greens, the judge nevertheless gave the requested instructions, simply limiting them to the issue of damages. There was no question that Mrs. Green suffered injuries and damages as a result of the negligence of Trevena. The only question was the amount of such damages. Pretermitting the question of whether such instructions were necessary or applicable to the question of damages, the appellants have not shown how the giving of such instructions resulted in prejudice to them. The thrust of the appellants' allegations of prejudice relates to the limitation of time during which damages could have accrued, the lack of merit of which was discussed in Division 1. We hold that, though the part of the charge of the court dealing with circumstantial evidence and impeachment may not have been pertinent to the issues involved, the charges were so clearly irrelevant to the issue of damages that the jury could not have been misled or confused by the giving of such instructions. A new trial will not be granted upon the ground that it was error to give them. It would be error, but harmless error only. *Jackson v. Kight & Sons,* 159 Ga. 584 (3) (126 SE 379) (1924); *Hogan v. City-County Hospital,* 138 Ga. App. 906, 909 (227 SE2d 796) (1976). The burden of showing harmful error is on the appellant, and this he must do by a showing in the record; it may not be done by assertions appearing only in his brief or in his enumeration of error. *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204) (1970). These enumerations likewise are without merit. See *Airport Associates v. Audioptic Instructional Devices,* 125 Ga. App. 325 (2) (187 SE2d 567) (1972).

3. In the last enumeration of error, the appellants assert that the verdicts were so disproportionate to the facts that it must be assumed that the jury was biased or

prejudiced. We do not agree. The evidence showed that Mrs. Green was injured, but that she suffered no broken bones, no scarring, nor disfiguration or other permanent injuries. Though she complained of continuing fatigue and pain, the jury heard that evidence in determining the issue of damages. As to Mr. Green, the jury heard competent evidence as to the actual damages suffered by him in the medical, drug, doctor and hospital bills. The amount of damages awarded to him covered these expenses. The loss of wages by Mrs. Green could have ranged from a low of approximately $500 to the amount claimed in her complaint. The verdict of the jury more than covered the minimum loss of wages. Thus, the bone of contention seems to be related to the damages for loss of consortium and pain and suffering.

It is a fundamental concept of our law that the amount of a verdict is peculiarly a jury question. *Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE 125) (1938). Though there should not be reliance upon speculation, conjecture, or guesswork in establishing damages, and the proof should be made with all possible specificity, it has been held in many cases that reasonable certainty is all that is required. See *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840, 843 (207 SE2d 241) (1974). Where the findings of the court are within the range of the testimony, as are the damages in this case, the appellate court should not reverse the judgment of the trial court. *Campo Construction, Inc. v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797) (1976). There is no merit to this last enumeration.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 5, 1977 — DECIDED JUNE 23, 1977.

*Albert B. Wallace,* for appellants.
*Hurt, Richardson, Garner & Todd, W. Seaborn Jones, Frederick N. Gleaton,* for appellee.