54919. IDEAL POOL CORPORATION v. POSS.

QUILLIAN, Presiding Judge.

Plaintiff (appellee here) brought suit in DeKalb Superior Court against the defendant Ideal Pool Corp. (appellant here). The complaint alleged that the plaintiff and the defendant entered into a contract by which defendant would install a swimming pool at the plaintiff's

residence. The complaint further alleged that the defendant failed to perform the conditions of the contract in that it did not use materials of good quality, failed to install the pool in a competent workmanlike manner, improperly wired the pool, and improperly graded and poured the concrete around the pool; as a result, the pool was not suitable for the use for which it was intended. The complaint sought damages in the amount of $15,000 plus interest, attorney fees and costs of the action.

The defendant filed an action and counterclaim denying liability and seeking $15 as a balance due under the contract, plus damages allegedly caused the defendant by the plaintiff refusing to permit the defendant to accomplish certain work. The case came on for trial before a jury which returned a verdict in favor of the plaintiff for $3,350. Judgment was duly entered thereon. The defendant then filed a motion for new trial which was overruled, followed by appeal to this court. The sole enumeration of error is that the jury verdict awarding $3,350 to the plaintiff is unsupported by the evidence and so excessive as to authorize the inference of gross mistake or undue bias on the part of the jury. *Held:*

We have carefully examined the record and find that there is testimony as to cost of repairs and evidence as to amounts expended by the plaintiff resulting from the defendant's work, which figure in total amount exceeds the verdict for $3,350. We therefore apply the time honored principle that where the jury's award is within the range of the evidence, this court will not reverse the judgment of the trial court. *Barkwell v. Helms,* 140 Ga. App. 273, 274 (231 SE2d 5).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED NOVEMBER 9, 1977 — DECIDED JANUARY 31, 1978.

*David U. Crosby,* for appellant.
*Shade & McDonald, Robert C. D. McDonald,* for appellee.