## 56352. SAM FINLEY, INC. v. BARNES et al.

SMITH, Judge.
The appellant Sam Finley, Inc., a paving contractor, appeals from judgment entered on a jury verdict against him following a trial on Barnes' claim that Finley improperly constructed the pavement for Barnes' rollerskating rink. Of the several enumerations, we find merit in the one contending the trial court improperly instructed the jury as to Finley's affirmative defense of accord and satisfaction. We therefore reverse the judgment.

1. The court did not err in charging that the defendant carries the burden to establish the existence of his affirmative defenses of accord and satisfaction (*Wood v. Wood,* 239 Ga. 120 (4) (236 SE2d 68) (1977)) and mitigation of damages. *National Health Services v. Townsend,* 130 Ga. App. 700 (3) (204 SE2d 299) (1974). Viewing the charge as a whole, we do not agree with appellant's contention that the charge left the jury with the impression that it should find for the plaintiff in the event the affirmative defenses were not proved; rather, the charge correctly indicated that the jury should find for the plaintiff if the plaintiff made out its case in chief *and* the affirmative defenses were not proved.

2. The appellee's evidence established with "reasonable certainty" (*Green v. Trevena,* 142 Ga. App. 621, 624 (236 SE2d 775) (1977)) the amount of damages sought. The calculation was supported by testimony as well as documentation; the explained methods of computation were rational. *Tri-State Systems, Inc. v. Village Outlet Stores,* 135 Ga. App. 81, 85 (217 SE2d 399)

(1975). There was sufficient, detailed proof of the amount of damages to overcome Finley's contention that it was founded on speculation and conjecture. See *Barkwell v. Helms,* 140 Ga. App. 273, 274 (231 SE2d 5) (1976). We find no merit in the remaining enumerations going to the alleged excessiveness and illegality of the verdict.

3. Following completion of the paving, Barnes discovered defects in the construction and withheld paying Finley. In an effort to resolve the difficulty, Barnes met with Finley's Augusta Manager, Carroll. At this meeting, Barnes complained of defects, and Carroll demanded payment of the $6,159.05 due. The consequence of the meeting was that Barnes tendered, and Carroll accepted, payment of $5,000. Carroll stated that he thought his agreement to accept less than the full debt settled the matter between them, and they parted amicably. At the time, Barnes made no express reservation of rights. For the next 22 months, Barnes made no demands upon Finley to cure any defects, and Finley made no demands on Barnes for further payment. After about 22 months, Barnes filed suit.

The evidence as outlined above clearly creates a factual question as to whether the parties had reached a full compromise of their respective claims. Finley contends that an agreement of accord and satisfaction, though not explicitly written or stated, is implicitly manifested in the actions of the parties. We do not agree that a directed verdict was required in Finley's behalf on the accord-and-satisfaction issue. We do agree, however, that the trial court should have delivered Finley's requests to charge which explain that the meeting of the minds for an accord and satisfaction may be implied in the conduct of the parties.

"While, of course, a party cannot be bound by a settlement unless he assents to its terms, still this assent may be implied from the circumstances, and conduct inconsistent with a refusal would raise a presumption of assent." *Smith v. Hornbuckle,* 140 Ga. App. 871, 875 (232 SE2d 149) (1977). Carroll's testimony presented evidence of what the terms of the alleged understanding may have been, and the conduct of the parties was evidence from which assent to those terms could be inferred. The jury

should have been instructed, as Finley requested, that it could find agreement to a compromise implied within the conduct of the parties. Accord and satisfaction was the essence of Finley's defense in this case; a new trial is therefore required.

4. Enumerations 6 and 7 address evidentiary questions. The former concerns a problem unlikely to occur on retrial; the latter is without merit.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978.

*C. B. Thurmond, Jr.,* for appellant.
*Knox & Zacks, Raymond G. Chadwick, Jr., David M. Zacks,* for appellees.