## 57081. ALTAMAHA CONVALESCENT CENTER, INC. v. GODWIN.

DEEN, Chief Judge.

1. On a prior appearance of this case (137 Ga. App. 394 (224 SE2d 76) (1976)) we held that the judgment directing a verdict on a note in favor of the plaintiff was not error, that no bona fide defense had been interposed, that an instruction on the award of attorney fees was correct, that the evidence supported a finding that such an award could be made and that the procedure for obtaining such fees was correct. In that case the jury on the evidence submitted awarded attorney fees in the sum of $6,000. We reversed this part of the judgment because of error in the framing of a hypothetical question. The case went back for retrial on the attorney fee issue, the error was not repeated, and the jury awarded the sum of $3,000. Appellant now contends that "there is no evidence that the defendant acted in bad faith." We have carefully examined the evidence submitted in this and the prior trial of this issue and find them substantially identical. It follows that, under the law of the case, the evidence is sufficient to sustain the award. *Atlanta Cas. Co. v. Williams,* 139 Ga. App. 732 (229 SE2d 534) (1976); *Hixson v. Barrow,* 142 Ga. App. 65 (234 SE2d 805) (1977).

2. Appellant also objects to the questioning of defense witness Westberry on the ground that it went to the financial circumstances of the parties. No law is cited, and the page references are so vague that it is difficult to determine what the appellant's objections encompassed. The court admitted the evidence apparently referred to on the ground that Westberry, who was being cross examined, was president of the corporate defendant at the time an offer to purchase it was made. We find no error. Westberry at that time had controlling interest in the corporate finances. He was being cross examined as to transactions of the corporation for the purpose of showing that it had been stubbornly litigious and had caused the

plaintiff unnecessary trouble and expense. Contemporary financial transactions might bear both on this problem and on the credibility of the defense witness. The scope of such questioning rests largely in the discretion of the trial judge, who will be reversed only where that discretion is abused. *Hudson v. State,* 137 Ga. App. 439 (224 SE2d 48) (1976); *Benefield v. Benefield,* 224 Ga. 208 (160 SE2d 895) (1968). Attacking the credibility of the witness "is the precise purpose of cross examination." *Redd v. State,* 141 Ga. App. 888 (6) (234 SE2d 812) (1977). This is especially true where the intent with which the acts were done is under investigation. No reversible error appears.

3. The remaining enumerations of error, not being supported by argument or citation of authority, are treated as abandoned.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 8, 1979 — 

*Richard D. Phillips,* for appellant.
*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellee.