### 58965. DEHLER et al. v. SETLIFF et al.

McMURRAY, Presiding Judge.

This is an action under the Georgia Securities Act of 1957, as amended, as hereinafter shown in reference to the Annotated Code Revision in 1968, Book 28, prior to the new Georgia Securities Act of 1973. The new Blue Sky Law as rewritten in Georgia Laws 1973, effective April 1, 1974 (Ga. L. 1973, pp. 1202 through 1260, especially Code Ann. § 97-109; 1973, pp. 1202, 1241; Ga. L. 1974, pp. 284, 305; as amended Ga. L. 1975, pp. 928, 955, 956, 961, as to exempt securities) is not applicable here. Each of the two plaintiffs (Dehler and Knobel) in this action under the Securities Act of 1957 purchased 20,000 shares of Golden Age Retirement, Inc. (either in April, May, or after the exemption issued June 25, 1973, as this question is in dispute) stock for the sum of $5,000 or $.25 per share. The suit is against the issuing corporation and four of its officers-directors seeking rescission of the two sales of stock.

Plaintiffs' complaint, as amended, states two theories on which their lawsuit is undertaken. First, they allege that the sale of the stock to them was in violation of the Securities Act of 1957, as amended, in that the securities were neither registered nor exempt from such registration under said Act at the time of the sale or offer to sell. Secondly, plaintiffs allege that at the time of the sale or offer to sell large numbers of shares of stock had been issued or were authorized to be issued to officers-directors in lieu of salaries, and that these securities issued to officers-directors for consideration other than cash were not placed in escrow as required by the Securities Act of 1957, as amended (Code Ann. § 97-104.1 (c); Ga. L. 1959, pp. 89, 96; 1963, pp. 557, 559) (Annotated Code Revision in 1968, Book 28).

The case was tried before a jury. Defendant Golden Age Retirement, Inc., and defendant John H. Williams, Jr., who had been chief executive officer of the corporation, were absent and unrepresented. The trial court directed verdicts in favor of both plaintiffs against these two absent defendants. The verdict was also directed in favor of defendant Shirley Setliff who had

served as secretary of the corporation. These three defendants may be disregarded for purposes of this appeal which involves the plaintiffs' appeal from the verdict as it relates to the remaining two defendants, Sokol and Carter Setliff (hereafter "Setliff").

The jury returned a verdict in favor of plaintiff Dehler for $5,000 with interest from April 5, 1974, and $2,500 attorney fees against defendant Sokol; in favor of defendant Setliff against both plaintiffs; and in favor of defendant Sokol against plaintiff Knobel. Both plaintiffs appeal from the verdict in favor of defendant Setliff. Plaintiff Knobel appeals from the verdict in favor of defendant Sokol. *Held:*

1. Plaintiffs contend that the evidence requires a verdict in their favor against Setliff and Sokol. This contention is without merit as several of the assumptions upon which it is predicated are incorrect.

First, the plaintiffs assume that their shares of stock were issued in violation of Code Ann. § 97-104 (Ga. L. 1957, pp. 134, 138; 1959, pp. 89, 91; 1960, pp. 957, 958; 1963, pp. 557, 558) (Registration of securities) (Annotated Code Revision in 1968, Book 28), in that they had contracted for the purchase of these shares of stock prior to the issuance of an exemption by the Commissioner of Securities pursuant to Code Ann. § 97-107 (j) (Ga. L. 1957, pp. 134, 150, as amended by new subsection (j), Ga. L. 1961, p. 457; 1963, pp. 557, 560) (Annotated Code Revision in 1968, Book 28). Conflicting evidence was presented, however, that the plaintiffs' shares of stock were not issued until after an exemption had been received and that the funds paid into the corporation prior to the date of the exemption were intended to be a loan rather than payment of the purchase price of the shares of stock. Even though the parties may have envisioned that upon the receipt of the exemption that the funds loaned to the corporation would be retained as payment of the purchase price of the plaintiffs' shares of stock, questions as to the intent of the parties to this transaction is for the jury as in other cases involving conflicts in the evidence as to the intent of the parties to a contract. These issues were for the jury. See in this regard 12A Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.), pp. 234-246,

1972 Revised, Ch. 58, §§ 5613, 5614.

Secondly, plaintiffs contend that the trial court erred in rejecting their contention that the transaction was in violation of the law as to speculative securities as found in Code Ann. § 97-104.1 (c), supra (Annotated Code Revision in 1968, Book 28), in that shares of stock which had been issued to John H. Williams, Jr., in lieu of compensation had not been placed in escrow with the commissioner or some bank or trust company approved by him for a period in his discretion not to exceed two years. The shares of stock involved in this case, however, were not those which had been issued to John H. Williams, Jr., and which thereby may have been required to be placed in escrow under the provisions of Code Ann. § 97-104.1 (c), supra, but were issued directly by the corporation. The fact of a violation of some provision of Code Ann. § 97-104.1 (c), supra, does not invoke the remedies of Code Ann. § 97-114 (Ga. L. 1957, pp. 134, 159) (Annotated Code Revision in 1968, Book 28), for any and all subsequent transactions in regard to the securities of the corporation in question. The remedies of Code Ann. § 97-114, supra, are invoked where the sale or contract of sale in question is in violation of the provisions of Code Ann. Ch. 97. There is no evidence that the sale of shares of stock to the plaintiffs was in violation of Code Ann. § 97-104.1 (c), supra. Therefore, this escrow requirement is not relevant to this action and the trial court did not err in so ruling and in refusing to charge the jury as to this issue.

Thirdly, there is considerable evidence of the nonparticipation of the defendants in the transactions of which the plaintiffs complain. Code Ann. § 97-114, supra, provides for the joint and several liability of every director, officer, salesman, or agent who shall have participated or aided in any way in making a sale of securities which violated the Act. The absence of overt actions or direct activity on the part of the defendants would not prevent a finding that they had participated or aided in the sales of the securities involved here. Rather, knowledge of the violation or failure to exercise that degree of diligent care and skill which ordinarily prudent men would exercise under similar circumstances in like positions would authorize the liability of these

defendants. These defendants having presented evidence that they did not take an active part in the violation, that they did not know of the violation and that as reasonably prudent men they could not have discovered the violation, the evidence presents questions of fact for decision by the jury. *Gilbert v. Meason,* 137 Ga. App. 1 (222 SE2d 835); *Boddy v. Theiling,* 129 Ga. App. 273 (199 SE2d 379). This is particularly true in the light of the evidence that the defendants were denied access to the financial records of the corporation and that they relied upon the financial information as related to them by defendant John H. Williams, Jr., president of the corporation and custodian of its books. See *Boddy v. Theiling,* 129 Ga. App. 273, supra, at p. 277, Division 3.

2. Plaintiffs' fifth enumeration of error complains of the failure of the trial court to grant their oral motion to amend the pretrial order and plaintiffs' pleadings to allege violation of former Code Ann. § 97-112 (Ga. L. 1957, pp. 134, 159) (Annotated Code Revision in 1968, Book 28). Plaintiffs' motion was predicated upon the contention that evidence had been admitted without objection as to this issue and that such an amendment was necessary to prevent manifest injustice to plaintiffs. Defendants responded that plaintiffs had alleged violation of Code Ann. § 97-112, supra, in the original complaint and had subsequently abandoned this contention and that to allow rebirth of this ground of complaint would serve as an injustice to them.

After the plaintiffs made their motion to amend the pretrial order and plaintiffs' pleadings a lengthy colloquy ensued. However, at no time during this colloquy did the trial court rule on this motion nor did plaintiffs seek to elicit a ruling. There being no ruling by the trial court on the matter, there is nothing to complain of on appeal as the objection is deemed waived. *International Assn. &c. Local 387 v. Moore,* 149 Ga. App. 431 (7) (254 SE2d 438).

3. Plaintiffs' sixth and tenth enumerations of error complain of the failure of the trial court to charge the jury on Code Ann. § 97-112, supra, and on Code § 38-119. No objection was made to the failure to give these instructions prior to the time the jury returned its verdict as required by Code Ann. § 70-207 (a) (Ga. L. 1968, pp.

1072, 1078). Nor do these enumerations meet the test for applicability of Code Ann. § 70-207 (c) (Ga. L. 1968, pp. 1072, 1078), that the error contended is "blatantly apparent and prejudicial" and that "a gross miscarriage of justice attributable to it is about to result." *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921). These enumerations of error are without merit.

4. The trial court charged the jury "that the existence of a check for funds does not prove the existence of a contract, but that the existence of such a check would authorize the introduction of oral evidence to that end. The party asserting that a contract does exist must still bear the burden of proving its existence and the terms of the contract." This charge, taken from *Jinright v. Russell,* 123 Ga. App. 706, 708 (1) (182 SE2d 328), is a correct statement of the law and properly adjusted to the evidence presented at trial. Under the evidence presented there is a question as to whether these checks represent full payment and full performance of a contract involving the purchase of securities by plaintiffs. Plaintiffs' contention that the checks conclusively prove the existence of a contract is without merit.

5. The trial court's charge limited plaintiffs' recovery of attorney fees to $10,000 each, the amount prayed for in the plaintiffs' complaint, whereas the evidence admitted authorized a finding well in excess of that amount. Plaintiffs contend that Code Ann. § 81A-154 (c) (1) (Ga. L. 1976, pp. 1047, 1049) required that plaintiffs be awarded attorney fees determined by the jury upon the evidence even if that amount was not demanded in the pleadings.

The only attorney fees awarded by the jury were those in favor of plaintiff Dehler against defendant Sokol for $2,500. In regard to the other causes of action the jury returned a verdict in favor of defendants and therefore did not allow attorney fees. It is apparent that the $10,000 ceiling placed on attorney fees by the trial court did not constrain the verdict for attorney fees returned by the jury. Therefore, any error in this limitation was harmless and will not be viewed as a basis for reversal. *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (1) (191 SE2d 479); *Foskey v. Dockery,* 241 Ga. 26 (2) (243 SE2d 70).

6. A charge as to the effect of the certificate of exemption by the Commissioner of Securities (Secretary of State of Georgia), dated June 25, 1973 (Code Ann. § 97-107 (j), supra (Annotated Code Revision in 1968, Book 28)), was objected to on the ground that it was repetitious and thereby over-emphasized the validity of the exemption. The language in question consisted of three sentences out of a charge of approximately 40 pages. The instruction objected to is a correct statement of law, adjusted to the evidence and both preceded and followed by language limiting its effect. It cannot be said that the charge in question unduly stressed the contentions of the defendants. There is no merit in this contention. *Harper v. Daniel,* 133 Ga. App. 400 (5) (211 SE2d 5); *F. N. Roberts Corp. v. Southern Bell Tel. &c. Co.,* 132 Ga. App. 800 (7) (209 SE2d 138).

*Judgment affirmed. Banke and Sognier, JJ., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 11, 1980 —

*Roy J. Leite, Jr.,* for appellants.

*A. Russell Blank, Alton T. Milam, William T. Dean, Jr.,* for appellees.