### 60267. SAM FINLEY, INC. v. BARNES.

SMITH, Judge.

Appellee Barnes, who operates roller skating rinks, sued appellant Sam Finley, Inc., a paving contractor, for negligent construction of a roller rink floor. The jury returned a verdict in favor of Barnes for $50,000. Finley appealed the judgment and we reversed, citing failure of the trial court to instruct the jury that an accord and satisfaction may be implied by the conduct of the parties. *Sam Finley, Inc. v. Barnes,* 147 Ga. App. 432 (3) (249 SE2d 147) (1978). A new trial was granted, resulting in a verdict for Barnes in the amount of $80,000. Finley again appeals, enumerating some 32 errors, and we affirm.

1. In enumerations 2, 3, 8, 22 and 23, Finley asserts that there was no evidence of any duty owed by him to Barnes, breach of which could create tort liability to Barnes; that the issue on trial should have been limited to breach of contract; that damages were not recoverable in negligence; and that the jury instructions objected to on these grounds were erroneous. We do not agree.

Barnes initially filed suit alleging both breach of contract and negligence in the performance of the contract by Finley. During the course of the trial, however, the complaint was amended to proceed solely on the theory of negligent construction. The evidence presented amply authorized a finding that both improper and defective equipment was used by Finley to lay the asphalt base upon which the plastic skating surface was applied. The asphalt used in the first two layers was of incorrect composition and the grid pattern was not properly prepared. A third layer of asphalt of insufficient thickness was then laid by Finley in an effort to correct the situation, even though it was known that two layers of specified thickness were required, and Finley assured Barnes that the third layer of asphalt would cure the prior defects. Upon application of the plastic, however, the faulty asphalt base necessitated extensive repairs for which damages of close to $90,000 were sought.

"We accept as a fundamental legal precept that a single act or course of conduct may constitute either a breach of contract or an independent tort. If such act or conduct violates a contract obligation, suit may be brought on the breach. If the act or conduct violates a duty owed to plaintiff, independent of contract, to avoid harming him, suit may be brought on the tort. [Cits.] Suit may be brought on both as independent actions. [Cits.]" *Foster Wheeler*

*Corp. v. Ga. Power Co.,* 140 Ga. App. 261, 265 (230 SE2d 494) (1976). There is a duty implied in every construction contract " 'to perform it skilfully, carefully, diligently, and in a workmanlike manner.' [Cits.] ... '[W]hether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by a jury.' [Cit.]" *Howell v. Ayers,* 129 Ga. App. 899, 900 (1) (202 SE2d 189) (1973). Accord, *Adrian Housing Corp. v. Lucas,* 144 Ga. App. 186 (2) (240 SE2d 732) (1977). The issue here was properly presented to the jury and we will not disturb its verdict.

2. It follows that appellant was not entitled to a directed verdict on the issue of liability in contract since that issue was no longer in the case. Enumeration of error 1 is without merit.

3. In Enumerations 4, 5, 6, 9 and 28, appellant reargues contentions as to excessiveness, mitigation and failure to prove damages which were decided adversely to it in the first appeal. *Sam Finley, Inc. v. Barnes,* supra, at p. 432 (2). Neither the law nor the facts having changed upon retrial, "our earlier ruling is binding upon us." *Hixson v. Barrow,* 142 Ga. App. 65, 67 (2) (234 SE2d 805) (1977) and cases cited. See also, *Altamaha Convalescent Center v. Godwin,* 149 Ga. App. 228 (1) (253 SE2d 804) (1979).

Enumerations 12, 14, 15, 16, 18, 30, 31 and 32 challenge the manner and sufficiency of appellee's proof of damages as to various utility bills, labor expenses and related payroll taxes, workers' compensation and unemployment benefits, as well as particular materials and equipment rental and costs. The trial transcript reveals that in addition to comprehensive testimony, all available documents pertaining to these matters were produced at trial, establishing proof of damages with equally "reasonable certainty" (if not more) than in the previous trial. *Sam Finley, Inc. v. Barnes,* supra. All the instructions to the jury in regard to such damages were correct statements of the law, and were adjusted to the evidence. Code Ann. §§ 105-104, 105-2004, 105-2007, 105-2009. See *Howell v. Ayers,* supra, at p. 901 (5). "It is a basic precept of our law that the amount of verdict is for the jury [Cit.] and where the jury verdict is 'within the range of the testimony, as are the damages in this case, the appellate court should not reverse the judgment of the trial court.' [Cit.]" *Etheridge v. Kay,* 153 Ga. App. 399, 400 (2) (265 SE2d 332) (1980); *Barkwell v. Helms,* 140 Ga. App. 273 (231 SE2d 5) (1976).

4. Appellant's assertion that it was erroneously denied relief under Article 2 of the Uniform Commercial Code has been twice considered and rejected by this court, both on interlocutory application (No. 361, denied March 25, 1977) and direct appeal (*Sam Finley, Inc. v. Barnes,* supra). It is still devoid of merit. See, e.g., *Dixie Lime & Stone Co. v. Wiggins Scale Co.,* 144 Ga. App. 145 (2) (240

SE2d 323) (1977).

5. Enumerations complaining of admission in evidence of a section of the roller rink floor because appellant was not allowed to observe it being cut or to analyze its components are ill-founded. When this exhibit was offered, objection was made that it was too large to be handled by the jury or the reporter. When a motion to view the entire rink was made by Barnes at the close of plaintiff's evidence, appellant objected and the court did not grant the view. However, no objection was made on the ground of lack of opportunity to inspect, and thus there was no ruling of the trial court for this court to review on appeal. Cf. *Colonial Lincoln-Mercury v. Molina,* 152 Ga. App. 379, 380 (1) (262 SE2d 820) (1979).

6. Denial of appellant's extraordinary motion for new trial, based upon an affidavit that appellee is not registered as "an employer insuring workers' compensation for employees," was not an abuse of discretion. This information fails to meet the requirements for the grant of a new trial on the ground of newly discovered evidence set forth in *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971), for its only effect would be to impeach the testimony of Barnes as to an immaterial matter. *Keno v. Alside, Inc.,* 148 Ga. App. 549, 551 (2) (251 SE2d 793) (1978). Even if the entire expense claimed for workers' compensation payments was disallowed, the verdict was still within the range of the evidence.

7. Admission of documentary evidence (bills and invoices) containing information relevant to expenses incurred by Barnes in attempting to repair recurring damage to the surface of the rink was proper, even though partially pertaining to expenses of other rinks. *Davis v. Glenville Haldi, Inc.,* 148 Ga. App. 842, 844 (3) (253 SE2d 207) (1979); *Newman v. Roberts,* 147 Ga. App. 157, 158 (1) (248 SE2d 217) (1978); *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45, 48 (1) (244 SE2d 573) (1978). In any event, error, if any, was harmless since Barnes' testimony alone was sufficient to prove his damages. *Barkwell v. Helms,* 140 Ga. App. 273, supra. It follows that charges to this effect requested by Barnes were likewise correctly given, when considered as a whole with the entire charge. *Green v. Trevena,* 142 Ga. App. 621 (236 SE2d 775) (1977); *Lawhorn v. Gulf Oil Corp.* 145 Ga. App. 80 (243 SE2d 253) (1978).

8. Upon retrial the jury was fully and accurately charged on the law of appellant's defense of accord and satisfaction. The court, however, repeated an instruction requested by Barnes, that where there is no agreement between the parties to settle all disputes arising from the original contract a settlement of the original contract does not result although money is demanded and received by one of the parties. That this was done in order to clarify a previous

misstatement of this charge was explained to the jury by the trial judge, and the jury was instructed not to give additional weight to the charge because of its repetition. We do not agree with appellant that this placed undue emphasis on the charge, or that it was contrary to law and unadjusted to the evidence. *Fowler v. Gorrell,* 148 Ga. App. 573, 575 (1) (251 SE2d 819) (1978); *Dehler v. Setliff,* 153 Ga. App. 796, 801 (6) (266 SE2d 516) (1980).

9. The trial court did not err in refusing to charge as requested by appellant that a party has no right to be intentionally or deliberately self-contradictory, and that the obligation to tell the truth is especially binding upon a plaintiff who seeks by his own testimony to establish a substantial right against another. This rule is applicable only "where the plaintiff is the *sole* witness by whose testimony alone it is sought to establish the allegations of his petition ..." *W. & A. Railroad v. Mathis,* 63 Ga. App. 172, 177 (4) (10 SE2d 457)(1940). Accord, *Pilgrim v. Osburn,* 154 Ga. App. 150, 152 (1) (267 SE2d 776) (1980), revd. on other grounds, *Osburn v. Pilgrim,* 246 Ga. 688 (1980). Here seven additional witnesses testified in support of various aspects of appellee's case and, in any event, a reading of the entirety of Barnes' testimony discloses no material contradictions or misrepresentations.

Barnes' testimony has been weighed and accepted by two juries, notwithstanding appellant's attacks upon his veracity, and two trial judges hearing and observing his demeanor under extensive cross-examination have refused to grant new trials upon the credibility or weight of this testimony. No harmful error having occurred for any reason advanced upon this appeal, the judgment must therefore be affirmed.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 2, 1980 — DECIDED NOVEMBER 25, 1980 — REHEARING DENIED DECEMBER 10, 1980 —

*C. B. Thurmond, Jr.,* for appellant.
*David M. Zacks, Raymond G. Chadwick, Jr., Wick Knox,* for appellee.