## 75098. PERKINS et al. v. AUGSPURGER.
(362 SE2d 88)

DEEN, Presiding Judge.

The appellants, Charles and Mildred Perkins, were injured when their pickup truck was struck by the vehicle driven by the appellee, Hazel Augspurger. The Perkinses consequently commenced this action against the appellee, and following the trial, the jury awarded (1) Charles Perkins $2,090.60 for medical expenses and $660 for pain and suffering; (2) Mildred Perkins $570.50 for medical expenses and $250 for pain and suffering; and (3) $2,500 for damages to the pickup truck. Subsequently, the trial court denied the appellants' motion for new trial and partially granted the appellee's motion for judgment notwithstanding the verdict, striking any award for medical expenses, and this appeal followed. *Held*:

1. Because the Perkinses had already been compensated to some extent by no-fault insurance benefits, the trial court instructed the jury "that medical bills which have been submitted . . . in an amount of less than $2,500 per plaintiff are not to be considered . . . as a potential award against the defendant as the same amount cannot be considered under the law. These bills are submitted only for proof of pain and suffering, if any." The Perkinses acknowledge the impropriety of the $570.50 award for Mildred Perkins' medical expenses, since her actual medical expenses of $570.50 obviously were less than $2,500. (Charles Perkins presented medical expenses in excess of $5,400, although this evidence was not uncontradicted.) The appellants contend that this obviously erroneous award demonstrated that the jury verdict was "manifestly the result of mistake and confusion," necessitating a new trial. In short, the appellants essentially contend that a new trial is necessary because they were not entitled to all of the jury's award, yet hope for an even greater verdict upon retrial of the case. Notwithstanding the superficial oddity of that position, we agree that the trial court should have granted a new trial, because it is apparent that the jury did fail to deduct the $2,500 per plaintiff.

In attacking the trial court's grant of partial judgment notwithstanding the verdict for the appellee, however, the appellants seek to salvage the $2,090.60 award for Charles Perkins' medical expenses by

citing the general rule against imputing to a jury an inability to follow a plain and unambiguous jury instruction, *Greene v. Trevena*, 142 Ga. App. 621 (1) (236 SE2d 775) (1977), and pointing out that under the evidence the jury could have applied the $2,500 offset for no-fault benefits and still have made the $2,090.60 award. We find that reasoning spurious, as it is highly unlikely that the jury could have applied the offset to Charles Perkins' claim when it so obviously failed to apply it to Mildred Perkins' claim.

The trial court similarly rejected that reasoning in granting partial judgment notwithstanding the verdict, with regard to the claim for medical expenses. Unfortunately, that grant of partial judgment n.o.v. was error because the appellee's motion for directed verdict addressed only the claim for property damage; no motion for judgment n.o.v. regarding the claims for medical expenses should have been entertained by the trial court. *Gray v. Miller*, 166 Ga. App. 792 (305 SE2d 651) (1983).

2. "The measure of damages in an action to recover for injuries to a motor vehicle caused by a collision or other negligence of a defendant is the difference between the value of the vehicle before and after the collision or other negligence, but where the owner has had the vehicle repaired, that loss can be established by showing the reasonable value of labor and material used for the repairs, and the value of any depreciation (permanent impairment) after the vehicle was repaired, provided the aggregate of these amounts does not exceed the value of the vehicle before the injury." *Perma Ad Ideas v. Mayville*, 158 Ga. App. 707, 707-708 (282 SE2d 128) (1981). In attempting to show the reasonable value of the labor and material used for the repairs of their pickup truck, the appellants offered the actual repair bill and testimony about the amount paid for repair, both of which were disallowed by the trial court on the grounds that it constituted inadmissible hearsay.

We agree with the appellants that the actual repair bill and testimony regarding payment of that bill were direct evidence of the cost of repairs, which certainly related to the issue of reasonable value of labor and material used for repairs. Although the appellants did recover $2,500 for the property damage, evidently because of Charles Perkins' testimony about the diminution of the pickup truck's value, the appellants should have been allowed to develop fully the "reasonable value of labor and material" measure of damages.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1987 —
REHEARING DENIED OCTOBER 15, 1987 — 

*James G. Peek, J. Corbett Peek, Jr.*, for appellants.

*Edward W. McCrimmon*, for appellee.